Filed 10/15/15  P. v. Metters CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES R. METTERS, JR.,<br><br>    Defendant and Appellant. | A144229<br><br>(Alameda County<br>Super. Ct. No. C121038) |

In July 1996, following conviction of the "Three Strikes" law third offense of second degree robbery, James R. Metters, Jr. was sentenced to a term of 35 years to life. This court affirmed.[1]  In November 2014, following adoption of Penal Code section 1170.126 by the voters as Proposition 36, Metters sent a "Petition for Recall of Sentence" prepared by him.  Metters stated as the grounds for the petition that he "is optimistic

---

[1]  Metters has submitted a "Motion . . . For Judicial Notice of *People v. Metters* (1998) 61 Cal.App. 4th 1489."  That was the opinion in which we affirmed the judgment of conviction.  However, the Supreme Court granted review, which meant that the opinion originally published at 61 Cal.App.4th 1489 was "no longer considered published."  (Cal. Rules of Court, rule 8.1105(e)(1).)  The Supreme Court thereafter transferred the cause back to this court for reconsideration in light of *People v. Cleveland* (2001) 25 Cal.4th 466 (*People v. Metters* (Oct. 17, 2001, S069442 [order].)  Pursuant to that directive, we filed an opinion that was not certified for publication.  (*People v. Metters* (Sept. 23, 2002, A074986) [nonpub. opn.].)  Treating the pending motion as a request to take judicial notice of our first opinion, filed on March 10, 1998, we grant the request because the opinion may be "relevant to a criminal . . . action because it states reasons for a decision affecting the same defendant . . . in another such action."  (Cal. Rules of Court, rule 8.1115(b)(2).)

1

about a recall of sentence and hereby requests a re-sentencing hearing . . . to reduce the defendant's punishment by striking a strike pursuant to Penal Code § 1385, and 'in the interests of justice.' "

Metters elaborated:  "The nature and circumstances of the Petitioner's case are extremely different than a normal case involving the crime of robbery.  There are mitigating circumstances that lead up to, encouraged, and enticed the Petitioner to indulge in the crime of robbery.  Several hours before the Petitioner committed the robbery against one Mrs. Joyce Wilson, a cashier at a Wendy's restaurant located . . . in Oakland, . . . the Petitioner was abducted and held against his will by several drug dealers [to whom he owed money]. . . .  With no other viable means to procure the remaining $200.00, in fear of his life and his family's well being, the Petitioner called a taxi and set off to commit the crime of robbery."[2]

The petition was summarily denied, but the court (Hon. Larry J. Goodman) wrote a four-page order explaining the denial.  First, Judge Goodman concluded that Metters was categorically ineligible for relief:  "Subdivision (b) of section 1170.126 states in relevant part, '[a]ny person serving an indeterminate term of life imprisonment imposed . . . upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, . . . , to request resentencing . . . .'  [T]he crime of robbery (section 211) is defined as both a violent and as a [serious] felony.  (See sections 667.5, subd. (c) (9), and 1192.7, subd. (c)(19).)  Thus, by the express terms of the statute [i.e., section 1170.126] Petitioner is not eligible to have his sentence recalled and be resentenced . . . ."

Next, for the same reason, Judge Goodman concluded "Petitioner's argument that he falls within the spirit of the law and the voters' intent is also without merit."

The third and final reason for the denial was the rejection of Metters's request "to strike one of his priors in the interest of justice pursuant to section 1385 and *People v.*

---

[2]  This was in effect a renewal of the defense of duress that was rejected at Metters's trial, a rejection we held was proper.  (See *People v. Metters*, *supra*, A074986.)

*Romero* (1996) 13 Cal.4th 497" because "the trial court denied Petitioner's *Romero* motion . . . before pronouncing judgment," and Metters "does not cite authority" that such a motion could be renewed "18 years after the imposition of sentence."

Metters filed a timely notice of appeal from the order, which is appealable. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.) Appointed counsel has asked this court to conduct an independent review of the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues that require briefing. Metters was advised of his right to file a supplemental brief of his own, and he elected to do so.

Penal Code section 667.5, subdivision (c) states that " 'violent felony' shall mean any of the following: [¶] . . . (9) Any robbery." Penal Code section 1192.7, subdivision (c) states that " 'serious felony' means any of the following: [¶] . . . (19) robbery . . . ." The first of Judge Goodman's grounds for denying the petition was sound. With Metters's disentitlement so clearly shown from the face of his petition, summary denial was entirely proper. (See *People v. Duvall* (1995) 9 Cal.4th 464, 475 ["If no prima facie case for relief is stated, the court will summarily deny the petition."].) The same would be true with respect to Metters's attempt to reopen the duress issue long after it had been closed by this court. As for Penal Code section 1385, which allows dismissal or striking of a prior felony conviction "prior to pronouncing sentence" (*People v. Benjamin* (1957) 154 Cal.App.2d 164, 173), we have been unable to find any reported decision permitting renewal of a rejected *Romero* motion so many years following affirmance on direct appeal. Defendant's supplemental brief furnishes no basis for overturning any of these conclusions.

The order is affirmed.

_____
Richman, Acting P.J.

We concur:

_____
Stewart, J.

_____
Miller, J.

A144229; *The People v. Metters*

4